O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JUL 2 1 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CARRIE AKBERALI, etc.,              ) Case No. EDCV 09-2028 RNB
                                    )
              Plaintiff,            )
                                    ) ORDER AFFIRMING DECISION OF
      vs.                           ) COMMISSIONER
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
              Defendant.            )
                                    )

      The Court now rules as follows with respect to the four disputed issues listed in the Joint Stipulation.[1]

      As to Disputed Issue No. 1, for the reasons stated by the Commissioner (see Jt Stip at 6-10), the Court finds and concludes that reversal is not warranted based on

---

[1]      As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

1  the alleged failure of the Administrative Law Judge ("ALJ") to properly develop the
2  record with respect to N.W.'s emergency room visits in 2008. There was no need for
3  the ALJ to develop the record further because even if the overnight stay to which the
4  ALJ referred in his decision (see AR 27) occurred in 2008 and lasted more than 24
5  hours (which then would have counted as two asthma attacks), the two additional
6  emergency room visits in 2008 mentioned by plaintiff were not sufficient to satisfy
7  the Listing for asthma.

8       As to Disputed Issue No. 2, for the reasons stated by the Commissioner (see Jt
9  Stip at 13-14), the Court finds and concludes that reversal is not warranted based on
10 the ALJ's alleged failure to properly proffer post-hearing evidence to plaintiff. The
11 medical records from Dr. Hubbard did not constitute "post-hearing evidence," but
12 rather were included among the previously-marked exhibits presented at the hearing
13 to which plaintiff stated she had no objection. (See AR 254.)

14      As to Disputed Issue No. 3, to the extent that plaintiff's contention that reversal
15 is warranted based on the ALJ's failure to properly consider if N.W.'s asthma met
16 Listing 103.03 is predicated on the ALJ's alleged failure to properly develop the
17 record with respect to N.W.'s emergency room visits in 2008), the Court's finding
18 and conclusion as to Disputed Issue No. 1 is dispositive of such contention. To the
19 extent that plaintiff also is contending that reversal is warranted based on the ALJ's
20 failure to properly consider if N.W.'s asthma medically equaled Listing 103.03, the
21 Court concurs with the Commissioner that plaintiff also has not met her burden with
22 respect to that part of the ALJ's Listings determination. Moreover, under Social
23 Security Ruling[2] 96-6p, the ALJ is permitted to assume from the signature of a State
24 agency physician on a Disability Determination and Transmittal Form that
25 "consideration has been given to the question of medical equivalence at the initial and

26

27      [2]    Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903
28 F.2d 1273, 1275 n.1 (9th Cir. 1990).

1 reconsideration levels of administrative review." Here, the record before the ALJ
2 included Disability Determination and Transmittal Forms signed by State agency
3 physicians reflecting their initial disability determination and their disability
4 determination on reconsideration. (See AR 33-35.)

5     Finally, as to Disputed Issue No. 4, for the reasons stated by the Commissioner
6 (see Jt Stip at 22-24), the Court finds and concludes that reversal is not warranted
7 based on the ALJ's alleged failure to properly consider the lay witness testimony.
8 The ALJ did not reject plaintiff's testimony.  Rather, he found that plaintiff's
9 testimony established no different conclusions from the medical evidence cited. (See
10 AR 25.) The Court concurs.

11                          *******************

12     IT THEREFORE IS ORDERED that Judgment be entered affirming the
13 decision of the Commissioner and dismissing this action with prejudice.

14
15 DATED:  July 21, 2010

16                                    _Ro4 N Bh_

17                                    _____
18                                    ROBERT N. BLOCK
                                      UNITED STATES MAGISTRATE JUDGE
19
20
21
22
23
24
25
26
27
28

                              3